CITY OF POUGHKEEPSIE, Petitioner, v BASTILLE DEVELOPMENT CORPORATION et al., Respondents.

Supreme Court, Dutchess County, February 2, 1989

### APPEARANCES OF COUNSEL

*Richard I. Cantor, Corporation Counsel (Marilyn D. Berson* of counsel), for petitioner. *Corbally, Gartland & Rappleyea (John Holden Adams* of counsel), for respondents.

### OPINION OF THE COURT

RALPH A. BEISNER, J.

This petition, brought on by order to show cause, seeks an order pursuant to New York Multiple Residence Law § 305 and City of Poughkeepsie Code of Ordinances § 12-63 directing the vacating of the premises located at 9 Eastman Terrace, a four-story brick building with four dwelling units. The petition alleges that on April 26, 1988, a notice of violation and order

to abate was served upon respondent (hereafter owner) ordering it to correct unfit and hazardous violations by May 7, 1988 and to abate other violations by June 7, 1988, or the petitioner (hereafter City) would order the building vacated. At that time there were allegedly 70 violations designated unfit or hazardous and other alleged violations, plus five violations of the Multiple Residence Law. On May 10, 1988, the premises were reinspected and, according to the City, only 10 of the unfit and hazardous violations had been corrected. The City, therefore, sent an order to abate to the owner, ordering that the premises be vacated by May 30, 1988. Pursuant to Poughkeepsie Code of Ordinances § 12-35, a hearing must be requested within 10 days of service of the notice of violation. The property owner requested a hearing on May 11, 1988, but their request was refused as untimely. On June 6, 1988 the premises were again inspected. The owner had not vacated the premises and allegedly only nine of the remaining unfit or hazardous violations had been corrected. The present proceeding was commenced on June 13, 1988. By order dated August 19, 1988, the matter was adjourned and the City was directed to serve the mortgagee, which has now been done.

In addition to contesting this petition on the merits, the owner's answer raises several procedural defenses. According to the owner, the petition must be dismissed because the City has failed to follow the procedural steps set forth in Multiple Residence Law § 305. The City contends, on the other hand, that all procedural requirements have been met since the City elected to utilize the City of Poughkeepsie Code of Ordinances rather than the procedural requirements of Multiple Residence Law § 305.

The City of Poughkeepsie served its notice of violation and order to abate pursuant to City of Poughkeepsie Code of Ordinances §§ 12-34 and 12-61. Respondent makes no objection to the service of that order. Pursuant to the City of Poughkeepsie Code of Ordinances § 12-35, the person responsible for the violation shall have 10 days within which to request a hearing. The owner herein did not request that hearing until May 11, 1988, 16 days after service of the notice. Because the notice of violation had allegedly not been complied with, the City then served an order to abate pursuant to City of Poughkeepsie Code of Ordinances §§ 12-60 through 12-63. Section 12-63 provides: "Any dwelling, dwelling unit, rooming house, rooming unit designated as unfit for human habitation pursuant to § 12-60 and ordered vacated as provided in § 12-62, shall

be vacated within such reasonable time as the building inspector may specify in his order. In the event that the owner, agent, operator or occupant fails to vacate the premises within such reasonable time, the building inspector *may institute a special proceeding pursuant to the Multiple Residence Law of the State of New York,* to cause such building to be vacated, and imposing the costs of executing said order to vacate as a lien upon the premises." (Emphasis added.)

It is this provision which is the subject of dispute between the City and the property owner. The only applicable section of the Multiple Residence Law, and the one upon which the City relies is Multiple Residence Law § 305. Subdivision (2) of that statute provides: "2. Whenever the department shall declare that a dwelling is a nuisance, it shall serve a notice or order in the manner prescribed by section three hundred six of this chapter * * * and shall notify the owner of his right to a hearing as hereinafter provided."

Multiple Residence Law § 305 (3) (b) provides: "If the owner refuses to permit the department to remove or cause the removal of such nuisance * * * in such case, the department shall commence a special proceeding in the supreme court for such relief."

According to owner, rather than relying on section 305 of the Multiple Residence Law to declare the building a nuisance, the building inspector followed the procedures set forth in the City of Poughkeepsie Code of Ordinances and merely followed the City code for filing a court action to enforce the abate order. General City Law § 20 (35) empowers every city "[t]o adopt a local law or ordinance compelling the repair or removal of any building or structure that, from any cause, endangers the health, safety or welfare of the public". That provision further sets forth certain procedural guidelines for such local laws or ordinances. Thus, the City of Poughkeepsie may elect to follow the procedures set forth in its Code of Ordinances when properly authorized. The conflict arises with that portion of the City of Poughkeepsie Code of Ordinances (§ 12-63) which empowers the building inspector to "institute a special proceeding pursuant to the Multiple Residence Law" to cause the building to be vacated, if the owner has not complied with the notice of violation.

Multiple Residence Law § 305, under which this proceeding was commenced, sets forth its own procedures as a condition precedent to the commencement of a special proceeding. The

Multiple Residence Law does not provide that the conditions precedent to instituting removal proceedings pursuant thereto be satisfied by procedural steps authorized by local law or ordinance, to the exclusion of that law's requirements. By requiring the commencement of a special proceeding pursuant to Multiple Residence Law § 305, the city is thereby required to follow the procedural dictates of that statute *(cf., Park Summit Realty Corp. v Frank,* 56 NY2d 1025).

The answer to the petition raises several affirmative defenses, the first five of which are addressed to the failure of the petitioner to comply with the procedures set forth in Multiple Residence Law § 305. Since the City of Poughkeepsie Code of Ordinances mandates a proceeding pursuant to the Multiple Residence Law and since petitioner did not comply with the procedural requirements of section 305 of Multiple Residence Law nor even alleges compliance with them, this proceeding is defective and the petition is, therefore, dismissed without prejudice.